Minshall, J.
The plaintiff below, William C. Thompson, on April 27, 1894, commenced in the common pleas court of Warren county an action against Joseph M. Oglesby, executor of Thomas F. Johnson, deceased, alleging that he and the deceased, on or about the first day of October, 1880, *61 entered into a partnership for the practice of the law at Lebanon, Ohio, and continued therein from that day until January 1,1891. That during the time they as such partners did a large amount of business, and that the amount of fees collected by the deceased, alone, amounted to not less than $21,000. The plaintiff admits that he received part of the fees, but does not state how much; that no settlement had ever been made between the parties, nor between the plaintiff and the administrator. He claims that at least $8,000 is due him and prays that an account may be taken of the affairs of the partnership. The defendant admitted his representative character of the deceased, but denied all the other allegations of the petition.
After a judgment for the plaintiff in the common pleas, the defendant appealed to the circuit court. The case was heard on the pleadings and the evidence, and the court rendered judgment for the plaintiff for the sum of $1,395.30 upon the following finding of facts :
“First — That a partnership existed between the said plaintiff and the said Thomas F. Johnson as in said plaintiff’s petition set forth, and that the same is unsettled.
“Second — That said Thomas F. Johnson received all the fees in what was known as ' the Ryan & Milroy case in Hamilton county, Ohio, amounting to the sum of $2,548.53, for which he has never accounted to the said plaintiff and that the said plaintiff is entitled to the one-half thereof, to-wit, the sumof $1,274.26 together with interest thereon from the date of the filing- of this suit April 27, 1894, and amounting to the sum of $121'. 13, in all the sum of $1,395.30 and ought to recover the same.
“ Third — And the court does further find that *62 they are unable to state the account between the parties as to any other matter of the partnership. ’ ’
The defendant excepted to the judgment rendered upon this finding of facts and prosecutes this proceeding in error for its reversal.
It is difficult to see how this judgment can be permitted to stand. The court found that a partnership had existed as alleged, but did not undertake to state the account between the parties ; it declared its inability to do so. It found, however, as to one transaction that the decedent had collected all the fees, and not accounted for any part to the plaintiff, and rendered judgment for the amount. The judgment is not warranted by the finding. For ought that appears, on a settlement of the account, the plaintiff may be indebted to the estate of the decedent, or the real balance in favor of the plaintiff may be much less than the judgment. The plaintiff had the burthen of showing that, on a settlement of the accounts of the partnership, a balance was due him. If the evidence offered was insufficient to show this, then he would necessarily fail in his action for the want of proof ; for the finding will admit of but one interpretation, and that is that there had not been sufficient evidence offered to enable the court to state an account. It is always the duty of a court in a suit for an account to state it, if possible, from the evidence offered ; but if this is not possible according to the rules by which issues of fact are determined, it can do but one thing — dismiss the action for an account. An ascertainment of the state of the accounts is a necessary predicate to the rendition of any judgment in favor of the plaintiff. Ashley v. Williams, 17 Oregon, 441; Maupin v. Daniels, 3 Ten. Chan., 223 ; Hall, Admr., *63 v. Clagett, 48 Md., 223; Slater v. Arnett, 81 Va., 432; Davidsons. Wilson, 3 Del. Chan., 307, 317; Rick v. Neitzy, 1 Mackey, 21.
In Ashley v. Williams, it is correctly said that, ‘ ‘where there are issues as to the existence of the partnership, and the condition of its accounts and business, the burden of proof is on the plaintiff, and if he cannot furnish sufficient evidence to enable the court to state a partnership account his suit necessarily fails. ” See also Maupin v. Daniels. This is the purport of all the cases. No other rule could be adopted consistently with the ends of justice. A partner has no right to recover of his copartner any part of the earnings or profits of the business, until it has been ascertained that earnings or profits have been made, and an account stated between the parties as to the amount received by each.
The cases of Evans v. Montgomery, 50 Iowa, 325; Bevans v. Sullivan, 4 Gill, (Md.), 383; Martin v. Smith, 52 N. Y. Supr. Ct., 277, and Langell v. Langell, 17 Oregon, 220, cited by the defendant in error, do not conflict with this view, or the cases above cited. They go no further than to hold, that it is the duty of the court to state an account if possible; and that absolute accuracy is not necessary. This may be said to be true of all litigation; absolute certainty is not required. Disputed facts, in civil suits, are determined upon reasonable probabilities — a mere preponderance of evidence is sufficient to determine the affirmative of an issue. The cases referred to, however, afford no authority for saying, that the court may speculate as to the state of the accounts, or allow a recovery for an item without any proof as to the state of the accounts as between the partners. In, Slater, Myet'S *64 & Co v. Arnett, supra, the syllabus is as follows: “Where suit in equity is instituted to settle the accounts of a dissolved firm, one of the members being dead, and the report of the master to whom the accounts have been referred, shows that, after diligent search, he has been unable to discover and report any evidence whatever to base a statement of the true condition of affairs between the members of the late firm, and of its assets, etc., the court, not being able to proceed to judgment upon suppositions and presumptions without evidence, can do no better than to withhold its hand, and to leave the parties to stand where they have placed themselves before the suit was brought.”
We are then of the opinion that the judgment should be reversed and cause remanded to the circuit court for further proceedings. The plaintiff on motion may be awarded a new trial, if he can make the proper showing; and if not, his motion should be overruled and his petition dismissed. Of course his “showing” must involve assurance to the court, that he can produce evidence, not produced at the former trial, and which he could not then, by the use of ordinary diligence, have produced, tending to show that an account, may be stated between the parties, touching the partnership.

Judgment reversed and cause remanded to cvrcuit court for further proceedings. the